*O. B. Hord,* for the appellant.

             *J. Gavin* and *J. R. Coverdill,* for the appellee.

---

### The Board of Commissioners of Tippecanoe County *v.*
### The City of Lafayette.

Prior to the spring of 1853, the city of *Lafayette* was governed by the act in-
corporating towns, under which the town of *Lafayette* had the right to use
the county jail, but in the spring of that year, the town adopted the provi-
sions of the act for the incorporation of cities, which contains no express
provision authorizing cities to use the county jails. *Held,* that the city had
the right to use the county jail as the town had before.

Friday,          APPEAL from the *Tippecanoe* Circuit Court.
June 13.
                 *Per Curiam.*—The county commissioners of *Tippecanoe*
             county, made an order that the county jail should not be
             used as a place of imprisonment for offenders against the
             ordinances of the city of *Lafayette.*

             The city appealed to the Circuit Court, where the order
             of the commissioners was reversed.

             The county appeals to this Court.

             Prior to the spring of 1853, *Lafayette* acted as a corpo-
             ration under the act incorporating towns, and possessed,
             by statute, the right to use the county jail, &c.

             In the spring of 1853, the town complied with the pro-

visions of the act for the incorporation of cities, and became " one of them."

This latter act contains no express provision authorizing the city to use the county jail; and it is claimed that that act confers all the rights she possesses. On the other hand, it is insisted that the powers conferred by that act are supplementary to those formerly possessed. We are of this latter opinion. The first section of the act expressly says that the powers therein granted shall be in addition to those already possessed by the corporation as a town; but the same act provides that when previously existing city corporations avail themselves of its provisions, their former powers shall cease, &c.; and sections specially provide for the continuance of corporate liabilities, officers, &c.; but no such provisions are made upon towns coming under the enactments of the general act for incorporating cities, because they continued without, the old corporation being improved but not annihilated. Where there is any irreconcilable conflict in provisions of the incorporating acts, the later must govern.

The judgment is affirmed with costs.

*H. W. Chase* and *J. A. Wilstach*, for the appellant.
*E. H. Brackett* and *F. B. Everett*, for the appellee.